355 P.2d 714

Lowell POTTER, Plaintiff and Respondent,

v.

UTAH DRIV–UR–SELF SYSTEM, INC., a corporation of Utah, and V. H. Anderson, Defendants and Appellants.

No. 9228.

Supreme Court of Utah.

Oct. 4, 1960.

Irving H. Biele, Salt Lake City, for appellants.

LaMar Duncan, Salt Lake City, for respondent.

CROCKETT, Chief Justice.

From a jury verdict and judgment for plaintiff in an action for malicious prosecution defendants appeal.

The difficulty here involved arose out of the plaintiff's rental of a 1958 Chevrolet automobile from the defendant, Utah Driv-Ur-Self System. He rented the car on February 2, 1959, under a written agreement to return it the same day. It was not in fact returned until February 10, after a criminal complaint and warrant had been issued against him. Meanwhile the individual defendant, V. H. Anderson, the defendant company's rental manager who acted for it in connection with the activities material here, in collaboration with officers, had made a fruitless investigation to find the plaintiff and the car. On February 9, he signed a complaint charging the plaintiff with embezzlement of the automobile. After a preliminary hearing the charge was dismissed. Consequent thereto plaintiff instituted the present action.

The attack upon the judgment is that the defendants made a full disclosure to the county attorney of all material facts and relied on his advice in signing the complaint. This is admittedly a good defense if proved, because it negatives malice which is the heart of such a cause of action.[1]

In considering whether the plaintiff has established a right of recovery not-

---

1. Cottrell v. Grand Union Tea Co., 5 Utah 2d 187, 299 P.2d 622.

withstanding that defense as presented by the defendants, we acknowledge these rules favoring plaintiff's position: first the cardinal rule of review on appeal: that wherever the evidence is in dispute it must be viewed in the light most favorable to him because he prevailed below; [2] second, that to sustain a charge of malicious prosecution does not necessarily require actual proof of evil motive, hatred, spite or ill will, but because of the difficulty of overt proof of such matters, it may be implied from the wrongful act of filing a criminal complaint without reasonable justification for doing so; [3] and third, that the defense of full disclosure and reliance upon the prosecuting attorney is an affimative one which the defendants had the burden of proving. Accordingly, if there is any reasonable basis in the evidence for refusing to believe that the defendants did so, the verdict must stand.[4]

■ There is very little disagreement as to the facts. When the rented automobile was not returned as the agreement required on February 2nd, nor on the 3rd, on the 4th the defendant Anderson began an investigation. Being unable to locate any Lowell Potter either in the telephone or city directories, he called upon the Salt Lake City Police and the Salt Lake County Sheriff's offices for help. Both dispatched officers to locate Mr. Potter and/or the car at the address, 256 Union Avenue, Midvale, which he had given the defendants. Both departments caused a search to be made and reported back that they were unable to find any such address or person.

On February 6, four days after the car had been rented, Mr. Anderson and Officer Alva C. Stroud of the police department went to the county attorney's office and reported the foregoing facts to Deputy County Attorney Mark Miner. He told them to wait a few days to see if the car was returned, and to make a "diligent search" for Potter and the car, failing which he would talk to them about a criminal complaint. Officer Stroud then checked with the Driver's License Division and the State Tax Commission and also went out to Midvale again in a further attempt to locate Mr. Potter or the car, but without success. Thereafter on February 9 he and Mr. Anderson again went to see Mr. Miner, at which time Officer Stroud stated that he had made a "diligent search" and that no further information could be found. Mr. Miner corroborates their testimony that thereupon he advised Mr. Anderson to sign the complaint charging plaintiff with em-

2. Joseph v. W. H. Groves Latter-Day Saints Hospital, 10 Utah 2d 94, 348 P. 2d 935.
3. See Callahan v. Kelso, 170 Mo.App. 338, 156 S.W. 716.

4. See Cottrell v. Grand Union Tea Co., footnote 1, supra.

bezzlement of the automobile, which the latter did.

The foregoing would seem to satisfy the requirements of the "full disclosure" rule and effectively dispose of the matter. But the plaintiff contends that the facts presented to the county attorney were not full and truthful in that in fact no "diligent search" had been made. His evidence is that he had lived in the same house on Union Avenue for a number of years, and that he and his wife were well known in the neighborhood, so that inquiry would have located him. In support of his position he points to the fact that Officer Stroud admitted that he did not get out of his car and make inquiry but merely looked for the house number and was unable to locate it.

The plaintiff places great stress upon this fact and argues that the defendants had made Officer Stroud their agent to make a "diligent search," and that he, having failed to do so, and also having failed to make a full and accurate report to the county attorney of just what he did, the requirements of the "full disclosure" rule were not met. The plaintiff's position is not without some plausibility. However, surveying the whole situation upon the legal principles applicable thereto we can see no basis for imposing responsibility for the difficulties that developed upon the defendants. In that connection it should in fairness be observed that the troubles that were visited upon Mr. Potter had their origin in his own misdoings. It was he who failed to return the car when he agreed, giving rise to apprehensions that he had absconded with it. He also gave an incorrect address, which added fuel to that fire.

The truth is that there was no house at 256 Union Avenue which Mr. Potter gave the defendant company as his address when he rented the car, which fact was plainly apparent from just driving along the street. The evidence is that in connection with a program for improving the locatability of streets, Union Avenue had been given the designation of 7700 South. The house where Mr. Potter lived was No. 297 on that street, which would place it on the opposite side of the street and eastward from the house number he gave. This may be one reason why he was not found. However, we do not see that fact as being of controlling importance. But it does raise doubt that he has any just cause for complaint that the investigators were unable to find him. While there may have been a duty to make some reasonable search and inquiry before filing the criminal complaint, we know of no positive duty they had to find him, less so that the defendants had any such duty.

The important point to keep in mind is that the real inquiry here is not as to the degree of diligence exercised by Officer Stroud, nor what he reported. It is whether the defendant Anderson was acting in good

faith and whether he made the required full disclosure of all the facts he knew to the prosecutor before he was advised to file the complaint. His actions do not suggest any evil or ulterior motive. He went to the regularly constituted law enforcement agencies for help. He could hardly be expected to accompany the officers in all their investigative activities, nor to cross-question them to see if they had discharged their duties properly, but could reasonably rely upon the assumption that they had done so. The record is devoid of any indication that he knew or had reason to know that Officer Stroud had done anything less than he reported: that is, made a "diligent search" for the plaintiff and the car and had failed to find it.

Further, the record shows that other officers besides Mr. Stroud investigated the matter and made a similar report prior to the filing of this complaint. This fact is reflected in Exhibit P–10, a record from the sheriff's office, which both sides indicated a desire to have in evidence. It is dated three days before the criminal complaint was filed and notes as follows:

2/6/59—Car 12 reports no such address nor any of the neighbors have ever heard of such person. Mr. Anderson was advised. /s/ Thomander.

The signer, Mr Thomander, is a supervisor in the sheriff's office.

The foregoing undisputed facts provide ample justification for the statements Mr. Anderson made to the prosecutor; and we fail to see any reasonable basis for viewing the evidence in any other way than that he made a full and truthful disclosure of all the facts he knew, or should have known, relating to the question of the filing of the complaint.

It is true that the law should not look with favor upon one who becomes "trigger happy" in filing criminal complaints to enforce a private property right. On the other hand, under the circumstances disclosed here, if one could not sign such a complaint upon the advice of the prosecuting attorney and in reliance upon the work of properly constituted officers in the performance of their duties, the result would be to greatly discourage cooperation in the filing of such complaints, thus impairing the processes of justice.

There being no valid foundation upon which a judgment for malicious prosecution may rest, the judgment is set aside. Costs to defendants (appellants).

WADE, McDONOUGH and CALLISTER, JJ., concur.

HENRIOD, J., concurs in result.